**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                  No. 99-4323

ANTHONY CRAIG GOODSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-188)

Submitted: September 28, 1999

Decided: October 18, 1999

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Janiere E. Monroe, Third Year Law Student,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Craig Goodson appeals from a seventy month sentence following his convictions for conspiracy to defraud a federally licensed firearms dealer, 18 U.S.C.A. §§ 922(a)(6), 922(g)(1) (West Supp. 1999), and possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West Supp. 1999). Goodson claims on appeal that the evidence was insufficient to support his convictions and that the court abused its discretion when it permitted the Government to show the jury a firearm of the same make and model as the one on which the charges were based for demonstrative purposes. Finding no reversible error, we affirm.

We review a jury verdict for the sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the Government. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, ___ U.S. ___, 119 S. Ct. 1032 (1999). We have reviewed the record and find that substantial evidence supports Goodson's convictions. See id.; see also United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996) (finding United States v. Lopez, 514 U.S. 549 (1995), inapplicable to 18 U.S.C.A. § 922(g), and applying Scarborough v. United States, 431 U.S. 563, 575 (1977)); United States v. Langley , 62 F.3d 602, 606 (4th Cir. 1995) (en banc). We further find that the district court did not abuse its discretion when it permitted the brief, demonstrative use of the same model shotgun at the end of the Government's case-in-chief.* See United States v. Aramony, 88 F.3d 1369, 1377-78 (4th Cir. 1996).

_____

*Goodson's reliance on Old Chief v. United States, 519 U.S. 172 (1997), is misplaced. In Goodson's case, unlike Old Chief, the dispute involved physical evidence, not legal status, so the reasoning of Old Chief does not apply.

Accordingly, we affirm Goodson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3